```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
```

ROGER NASSER,

               Plaintiff,         **MEMORANDUM & ORDER**
                                                 19-CV-0845(EK)(ST)

      -against-

PORT IMPERIAL FERRY CORP.,
individually and d/b/a NY WATERWAY,

               Defendant.

```
-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        On March 9, 2021, this Court granted in part and denied in part Port Imperial Ferry Corporation's motion for summary judgment.[1]  ECF 27.  Port Imperial now moves for reconsideration of that order for the limited purpose of clarifying certain obligations flowing from 46 U.S.C. § 3315.

        The Court denies Port Imperial's motion for reconsideration.  The grounds for reconsideration are an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quotation and citation omitted).  The standard "is strict, and

---

[1] I assume the parties' familiarity with the background of this case. The Court previously set forth, in detail, the underlying facts of this case in its order of March 9, 2021.

reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). Given that the movant does not ask for the Court to reconsider its summary judgment decision, a motion for reconsideration is the improper vehicle here.

The Court, however, "has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment." *See United States v. LoRusso,* 605 F.2d 45, 53 (2d. Cir. 1982); *Avis Budget Car Rental, LLC v. JD2 Environmental, Inc.*, No. 12-CV-5010, 2016 WL 3248328, at *2 (E.D.N.Y. June 13, 2016).

Section 3315 imposes a duty, in the words of the statute, on "each individual licensed under [46 U.S.C. § 7101(c)] of this subtitle," rather than shipowners. Section § 7101(c) provides that the Secretary of Homeland Security may, upon finding applicants "qualified as to age, character, habits of life, experience, professional qualifications, and physical fitness," issue licenses for the classes of "masters, mates, and engineers, (2) pilots, (3) operators, and (4) radio officers." 46 U.S.C. § 7101(c). These licensed individuals "shall assist in the inspection or

2

examination" and "shall point out defects and imperfections known to the individual in matters subject to regulations and inspection." § 3315(a).

In its order of March 9, 2021, the Court referred to the duty of shipowners rather than licensed individuals and also referenced Section 3315(a) in the context of a shipowner's duty to monitor a vessel.  To prevent any potential misapprehension as to the obligations on shipowners arising directly from Section 3315, the Court now issues an amended memorandum and order, which substitutes the phrase "licensed individuals" for "shipowners" in two places where the latter reference had initially appeared, and makes minor additional conforming changes.[2]  Those amendments do not change the Court's reasoning nor do they alter the substance of the order.  The case will proceed in the ordinary course.

---

[2] These changes can be found at pages 7 and 12 of the amended order.

For the reasons stated above, Defendant's motion for reconsideration is denied, but the Court will issue an amended order herewith.

SO ORDERED.

                                                                    /s Eric Komitee_____
ERIC KOMITEE
United States District Judge

Dated:    January 6, 2022
          Brooklyn, New York

4